IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH

FILED

NOV 1 2007

U.S. DIST. COURT
BY. ROBERT D. DENNIS, CLERK
WESTERN DIST. OF OKLA.
DEPUTY

KIRK IRVING KOSKELLA,               )
                                    )
            Plaintiff ,             )
                                    )
        vs.                         )      Case No. CIV-07-533-DLR-DWA
                                    )
MARKUS B. ZIMMER,                   )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, brings this civil rights action

pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.

388 (1971).[1]   Pursuant to an order by United States District Judge David L. Russell, the

matter has been referred to the undersigned Magistrate Judge for initial proceedings

consistent with 28 U.S.C. § 636(b)(3). An initial review of the complaint has been

conducted as required by 28 U.S.C. §1915A(a). Based on that review, it is recommended

that the complaint be dismissed on filing for seeking relief from a defendant who is

immune, and for failing to state a claim upon which relief can be granted.

In his five-count complaint, Plaintiff names as Defendants Marcus B. Zimmer,

whom he identifies as "Clerk of the Court." Complaint, p. 3.  Plaintiff states that he is

suing Defendant Zimmer in both his official and individual capacity.  Id. Plaintiff also

---

[1]Although Plaintiff has filed the Complaint on a form intended for prisoners' civil rights actions
brought pursuant to 42 U.S.C. § 1983, Plaintiff's action is against Marcus B. Zimmer, Clerk of Court for the
United States District Court for the District of Utah, and thus the cause of action is liberally construed to
assert a claim under Bivens. See e.g. Simmat v. U.S. Bureau of Prisons 413 F.3d 1225, 1231 (10th Cir. 2005)
("Bivens was a landmark decision holding that plaintiffs may sue federal officials in their individual
capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause
of action analogous to 42 U.S.C. § 1983.")

names "Does 1-10" as Defendants, whom he identifies as "Clerk of Court." Id. Plaintiff

sues these Doe Defendants in their official capacities only, indicating that they "aided

and abetted" in the various acts which form the basis of Plaintiff's action against

Defendant Zimmer. Id. In his first claim, Plaintiff contends that "the Office of the Clerk

of the Court has failed to mandatorily File or Lodge Motions mailed by a Notary Public."

Complaint, p. 5. Second, Plaintiff claims that his First, Fourth, Fifth, and Sixth

Amendment rights were violated when Defendants failed to schedule "more than 30+

motions" for hearing. Id. at 13.[2] Plaintiff's third claim is that his Fifth and Sixth

Amendment rights were violated when Defendant Zimmer failed to give him notice of

scheduled hearings. Complaint, p. 21. Fourth, Plaintiff claims that Defendant Zimmer

"assisted as the 'gatekeeper' in the denial of due process rights under the First, Fourth,

Fifth, Sixth and Fourteenth Amendments...." Id. at p. 38. As his fifth claim, Plaintiff

contends that Defendant Zimmer prevented the record from being correctly entered and

precluded the filing of documents by which he could have gained relief. Id. at 42. As

relief, Plaintiff requests that as a "minimum solution" all motions be filed, hearings be

scheduled on all filed motions, that he be present at all hearings, that all orders entered

at hearings in which he was not present be vacated and a new hearing scheduled, and

that a ruling be had at each hearing. Complaint, p. 46. In the alternative, he requests that

his sentence be vacated "due to willful, purposeful prejudice," and that "sanctions" be

issued to Defendants due to "the active fraud upon the Courts." Id.

---

[2]Rather than attaching exhibits to the end of his complaint, Plaintiff has interspersed them, making it necessary for the Court to supply page numbers rather than using those pre-printed on the complaint form.

## I. PROCEDURAL POSTURE

This action was initially filed in the United States District Court for the Central District of California, where it was assigned Case No. 2:07-CV-0002-MMM-FMO. However, because no Defendant resides in the Central District of California, and none of the conduct complained of took place there, it was transferred on February 22, 2007, to the United States District Court for the District of Utah. [Doc. in Case No. 2:07-CV-00002-MMM-FMO Nos. 2 - 5]. Upon transfer to the District of Utah, the case was assigned the current case number. Following the recusal of several District Judges sitting in that court [Doc. Nos. 3-8], the case was assigned to United States District Judge David L. Russell of the Western District of Oklahoma. [Doc. No. 10]. As noted above, the case is now under referral to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(3). [Doc. No. 9].

## II. SCREENING REQUIREMENT

28 U.S.C. § 1915A(a) provides that the Court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The provision further provides that upon such review, the Court shall dismiss any complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or " seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The review in this case reveals that Defendant Zimmer is immune from relief for Plaintiff's claims against him in his individual capacity, and Plaintiff has failed to state

3

a claim under Bivens against Defendant Zimmer and the Doe Defendants in their official capacities.

## III. DISCUSSION

This case (and several others) grows out of a federal criminal prosecution against Plaintiff in the United States District Court for the District of Utah, No. 2:00CR00594-DB. In this case, Plaintiff alleges that the Defendant Clerk of Court for the United States District Court for the District of Utah has violated various of his constitutional rights through Defendant's[3] handling (or alleged mishandling) of pleadings either filed by Plaintiff or on his behalf, by failing to give notices of hearings, and other similar acts. He seeks "sanctions" and injunctive relief.

First, with regard to Plaintiff's claims against Defendant Zimmer in his official capacity, it is well established that federal employees sued in their official capacities are immune from a Bivens suit. See, e.g., Hatten v. White, 275 F.3d 1208, 1210 (10th Cir.2002). Accordingly, it is recommended that Plaintiff's claims against Defendant Zimmer and the Doe Defendants in their official capacities be dismissed for failing to state a claim upon which relief can be granted.

Second, Plaintiff's individual capacity claim against Defendant Zimmer should be dismissed on grounds of quasi judicial immunity. Noting that "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches[,]" the Tenth Circuit has extended immunity to "non-judicial officers where 'their duties had

---

[3]Although Plaintiff names "Does 1-10" as Defendants, his complaint fails to include allegations regarding any acts by the unnamed Doe defendants. Therefore, the undersigned will refer to Defendant Zimmer as the only Defendant.

4

an integral relationship with the judicial process.'" Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) (quoting Valdez v. City and County of Denver, 878 F.2d 1285, 1287 (10th Cir. 1989) and Eades v. Sterlinske, 810 F.2d 723, 726 (7th Cir. 1987), respectively). The Court has specifically found a clerk of the court entitled to immunity when performing certain duties of the office. Coleman v. Farnsworth, No. 03-3296, 90 Fed. Appx. 313, 318 (10th Cir. Feb. 24, 2004)[4] (finding court clerk who allegedly failed to enter inmate's service on the defendants in the docket was exercising a discretionary duty "with an integral relationship with the judicial process" and was entitled to immunity); Guiden v. Morrow, No. 03-3282, 2004 WL 296983, at*1 (10th Cir. Feb. 17, 2004)(finding state prisoner's § 1983 claim based on court clerk's failure to file court documents was properly dismissed during screening pursuant to 28 U.S.C. § 1915A because clerk was entitled to immunity). This immunity generally applies regardless of "procedural error, motive, or good faith." Wymore v. Green, No. 06-3395, 2007 WL 2340795 at *3 (10th Cir. Aug. 17, 2007) (quoting Coleman, 90 Fed. Appx at 317).

In his five claims against Defendant Zimmer, Plaintiff alleges that Defendant Zimmer failed to file motions; failed to schedule motions for hearing; entered a false notation on the docket stating that a status conference was to be held, resulting in a "resentencing" hearing being held without petitioner's knowledge and without proper legal counsel; created a new civil file arbitrarily and capriciously to confuse all parties to the detriment and harm of the incarcerated Plaintiff, and after Plaintiff moved for

_____

[4]This and any other unpublished decision is cited solely for its persuasive value in accordance with Tenth Circuit Rule 32.1

5

default judgment changed and reintegrated it into other case numbers without logic or rationale; and conspired with parties known and unknown to prevent the record from being correctly entered and precluded the filing of documents by which Plaintiff could have gained relief. The undersigned finds that all of these alleged acts have an integral relationship with the judicial process, and that Defendant Zimmer is therefore entitled to judicial immunity. "The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, 'vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities.'" Coleman, 90 Fed.Appx. at 317 (quoting Smith v. Losee, 485 F.2d 334, 341 (10th Cir.1973)).

Although judicial immunity clearly shields Defendant Zimmer from any claim for damages in this Bivens action, the undersigned also finds that the immunity extends to Plaintiff's claim for injunctive relief as well. See Mehdipour v. Purcell, 173 F.Supp.2d 1165, 1167 (W.D. Okla. 2001), affirmed 62 Fed. Appx. 203 (10th Cir. Mar. 13, 2003) ("Without any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits, this court holds that federal judges are absolutely immune from equitable relief under Bivens"). Alternatively, the undersigned finds that the acts complained of by Plaintiff "are subject to appellate review and therefore he has (or, at least had, if timely pursued) a remedy at law, which precludes the equitable relief he now seeks." Id. (citing Switzer v. Coan, 261 F.3d 985, 990-91 (10th Cir.2001)).

6

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that this action be dismissed upon filing under 28 U.S.C. § 1915A(b) on grounds that Defendant Zimmer is immune from relief for Plaintiff's claims against him in his individual capacity, and that Plaintiff has failed to state a claim under Bivens against Defendant Zimmer and the Doe Defendants in their official capacities. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by November 21, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to file a timely objection to the Report and Recommendation waives his right of appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F. 2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 1st day of November, 2007.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

7