IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
DEC 0 6 2007
D. MARK JONES, CLERK
BY_____ DEPUTY CLERK

| | |
|---|---|
| KIRK IRVING KOSKELLA, | ) |
| Plaintiff, | ) |
| v. | ) CIV-07-533-R |
| MARKUS B. ZIMMER, | ) |
| Defendant. | ) |

### O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo [Doc. No. 12] and Plaintiff's Objection to the Report and Recommendation. Doc. No. 15. The Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

Plaintiff's Objection is somewhat rambling. However, Plaintiff asserts that Defendant Zimmer (and the other Defendants) are not immune from injunctive relief because of the exception recognized in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); that quasi-judicial immunity does not apply to the Court Clerk's actions which were wrongful, "outside the scope of office," intentional or negligent; and that qualified immunity does not shield government officials performing discretionary functions from liability when their conduct violates clearly established constitutional or statutory rights of which a reasonable person would have known, as Plaintiff suggests occurred in this case.

The Magistrate Judge concluded that Defendant Zimmer, the Clerk of Court for the United States District Court for the District of Utah, in his individual capacity, had absolute quasi-judicial immunity from suit because he was performing duties having an integral relationship with the judicial process at the times Plaintiff alleges he violated his constitutional rights. See Report and Recommendation at pp. 4-5. Plaintiff suggests that immunity does not apply when acts are performed in an administrative capacity, citing *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). That case recognized that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches" and that immunity is appropriate for truly judicial acts and not for "acts that simply happen to have been done by judges." See *Forrester v. White* 484 U.S. at 227, 108 S.Ct. at 544, 98 L.Ed.2d at 565. In this case, the actions of Defendant Zimmer of which Plaintiff complains were not simply acts that happen to have been done by a Court Clerk; the actions were official quasi-judicial acts which were duties of the Court Clerk's office and integral to the judicial process.

The *Ex Parte Young* exception is to Eleventh Amendment immunity for state officials sued in their official capacities. That exception allows suit against such state officials in their official capacities when the relief sought is prospective, provided " special sovereignty interests" are not implicated. See, e.g., *Robinson v. Kansas*, 295 F.3d 1183, 1191 (10th Cir. 2002). Eleventh Amendment immunity is not applicable to the federal officials Plaintiff has sued herein. The Magistrate Judge's conclusion that Defendant Zimmer in his individual capacity is immune from suit is based on

quasi-judicial immunity, not on the wholly irrelevant concept of Eleventh Amendment immunity.

Likewise, the Magistrate Judge's decision is not predicated on qualified immunity. While qualified immunity is a defense which may be asserted by federal officials in a Bivens action, see, e.g., *Jordan v. Federal Bureau of Prisons*, 191 Fed. Appx. 639, 648 (10th Cir. July 25, 2006) (No. 04-1104), cert. denied, ___ U.S. ___, 127 S.Ct. 2875 (2007), absolute judicial or quasi-judicial immunity, which the Magistrate Judge concluded applied herein, in which conclusion the Court concurs, is a different matter, and is applicable only when "justified by overriding considerations of public policy," see *Forrester*, 484 U.S. at 224, 108 S.Ct. 538, 98 L.Ed.2d at 563, or "'when the danger of [officials' being] deflect[ed from the effective performance of their duties] is very great." Id., 484 U.S. at 230, 108 S.Ct. at 545, 98 L.Ed.2d at 567, quoting *Forrester v. White*, 792 F.2d 647, 660 (7th Cir. 1986) (Posner, J., dissenting).

In accordance with the foregoing, Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge are without merit. Therefore, the Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety and Plaintiff's Complaint is DISMISSED upon filing pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED this 6th day of December, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE